IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUSTIN T. DUNCAN, ScD,** | CIVIL ACTION |
| **Plaintiff,** | |
| v. | |
| **ELLE LETT, PhD,** | NO.  23-4284 |
| **Defendant.** | |

# O R D E R

**AND NOW**, this 3rd day of October, 2024, upon review of Plaintiff's First Motion to Amend the Complaint (ECF No. 37) and Defendant's Second Motion for Summary Judgment (ECF No. 35) and all responses thereto (ECF Nos. 37-39), **IT IS ORDERED** as follows:

1. Plaintiff's Motion to Amend Complaint is **GRANTED**. Plaintiff shall file the Proposed First Amended Complaint within fourteen (14) days of this order.[1]

---

[1] Plaintiff filed suit against Defendant for allegedly defamatory statements made about Plaintiff by Defendant. (*See generally* ECF No. 1.) Plaintiff moves to amend their complaint. (ECF No. 37.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading by leave of Court, and "[t]he court shall freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that in the absence of an apparent or declared reason, such as undue delay, undue prejudice to the opposing party, or futility of amendment, leave to amend sought should, as the rule requires, be freely given. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Borough of Quakertown v. Verizon Communications, Inc.*, 380 F. Supp. 3d 461, 462 (E.D. Pa. 2019) ("[The Rule 15(a)] standard encompasses a broad range of equitable factors, including a party's delay in seeking leave to amend and any prejudice to the opposing party. Only when these factors suggest that an amendment would be 'unjust' should the court deny leave."). For the reasons that follow, the Court grants Plaintiff's motion for leave to amend their Complaint.

Plaintiff seeks to amend their complaint to provide additional facts that came to light during discovery and also to remove a claim which was voluntarily dismissed. (*See generally* ECF No. 37.) Defendant alleges that this leave to amend is in bad faith because it seeks to evade response to Defendant's Second Summary Judgment Motion (ECF No. 35). (*See generally* ECF No. 38.) "[P]rejudice to the nonmoving party is the touchstone for denial of an amendment." *Risko v. Allstate Ins. Co.*, 2024 WL 3361594, at *3 (E.D. Pa. 2024) (citing *Chestnut v. Finck*, 722 F. App'x

2. Defendant's Second Motion for Summary Judgment is **DENIED** as **MOOT**.[2]

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
HODGE, KELLEY B., J.

---

115, 118 (3d Cir. 2018). The Court has reviewed Plaintiff's proposed First Amended Complaint and finds no prejudice, bad faith, undue delay, or futility. (*See* ECF No. 37, Ex. A.)

Plaintiff does not bring up new claims nor introduce any information that would significantly increase discovery or motion practice. The Proposed First Amended Complaint merely removes a claim that was voluntarily dismissed and adds facts that were brought to light after discovery. There is no prejudice to Defendant that would arise by granting Plaintiff's Motion. Furthermore, Plaintiff submitted this Motion on September 13, 2024, approximately three weeks after the close of discovery and after a dispute around the scheduling of a settlement conference. (*See* ECF Nos. 32, 36.) This is not untimely. The Court also does not find Defendant's argument convincing that Plaintiff submitted this motion purely in an effort to evade responding to Defendant's Second Motion for Summary Judgment. This Court retains discretion to grant leave to amend and finds no evidence of bad faith on the part of Plaintiff to file their Motion to Amend. Defendant still retains their right to pursue summary judgment.

[2] Because this Court grants Plaintiff's Motion to Amend, Defendant's Motion for Summary Judgment is denied as moot. If the Defendant elects to refile its Motion for Summary Judgment, the Court strongly suggests that Defendant diligently reviews the Motion to adhere to the Court's deadlines and the Federal Rules of Civil Procedure. This advisement is noted in light of the untimely filing of the renewed motion for summary judgment (ECF Nos. 26, 35) and the filing of Defendant's "Special Motion for Summary Judgment." According to Defendant, the "Special Motion for Summary Judgment" is a procedural device available in New York State Courts pursuant to New York law. The federal courts do not follow state procedural laws but adhere to the Federal Rules of Civil Procedure. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). The Court expects litigants to do the same.