IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUSTIN T. DUNCAN, ScD,**<br>                    **Plaintiff,**<br><br>              v.<br><br>**ELLE LETT, PhD,**<br>                    **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO.  23-4284** |

# O R D E R

**AND NOW**, this 5th day of June, 2025, upon consideration of Defendant's Motion to Disqualify ("Motion") (ECF Nos. 74, 75) and the response thereto, **IT IS ORDERED** that the Motion is **DENIED.**[1]

---

[1] Defendant moves for the disqualification of the undersigned pursuant to 28 U.S.C. § 455(a). This Section requires a Judge to disqualify themselves "in any proceeding in which [her] impartiality might reasonably be questioned. *Hukman v. US Airways/American Airlines*, 2019 WL 13102860, at *1 n.1. (E.D. Pa. April 10, 2019). The standard for recusal is objective. *Id.* Recusal is required if "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Id.* (citing *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003)).

Defendant provides several grounds under which they believe that disqualification of the undersigned is appropriate. First, Defendant alleges that the undersigned has used Court policies and procedures to "present obstacles to filing for Summary Judgment [sic] by requiring [Defendant] to seek multiple meet and confers." (ECF No. 75, at 14.) Furthermore, Defendant alleges that the undersigned "attempted to discourage [Defendant] from pursuing Summary Judgment [sic] by informing her that [Judge Hodge] would remove her option to pursue a settlement conference," which is inaccurate. Defendant also provides several quotes, which she believes reflects the undersigned's partiality towards the Plaintiff—which is also inaccurate. (*See generally* ECF No. 75.)

The Court is committed to administering justice and ruling in accordance with the rule of law. The rule of law is to be implemented evenly and consistently, without any favor towards any one party. The Court—following statutes, regulations, and local policies and procedures—administers rulings in accordance with the Constitution and the laws that bind the United States District Court, which the Court has done.

Defendant has not identified any instance in which the Court has demonstrated a bias against them. To the contrary, the Court has granted Defendant leniency and opportunities arguably well beyond what is required of it, as outlined in the Court's previous orders, allowing Defendant to file a motion for summary judgment without complying with the Court's meet and confer policy (ECF No. 66), and allowing an answer to be filed past the deadline (ECF No. 55). The Court enforcing its policies and procedures is not evidence of bias, rather it is evidence of the Court's commitment to equity, fairness and application of federal and local rules and policies that ensure equal justice and adherence to the rule of law. The fact that the Court has ruled against Defendant or that Defendant is unhappy or disagrees with the Court's decisions is not evidence of bias or impartiality against Defendant. The Court considers each of Defendant's filings on its merits as it would any litigant, and rules in accordance with the law.

The Court has reviewed, thoroughly, the concerns of the Defendant. Many of the statements asserted by the Defendant in support of its Motion are not an accurate reflection of the record, or, in some places, not available on the record at all. The Defendant's unhappiness with the Court's rulings and policies is not grounds for disqualification and the parties, equally, have a responsibility to abide by the relevant applicable laws and policies of the jurisdiction in which they are litigating. As such, the Court denies the Motion.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

------------------------

   **HODGE, KELLEY B., J.**